IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HANTON JOSEPH, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-07-4287 |
| § | |
| REAGENT CHEMICAL & RESEARCH, § | |
| INC., § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Reagent Chemical & Research, Inc.'s ("Reagent") Motion to Dismiss and Motion for Summary Judgment (Docket Entry No. 8), to which plaintiff, Hanton Joseph, Jr., has not responded. For reasons explained below, Reagent's motion will be granted.

**I. Factual and Procedural Background**

Reagent is a chemical supplier whose central dispatch terminal is located in Port Arthur, Texas. Joseph worked for Reagent as an interstate truck driver. On March 28, 2006, while delivering chemicals for Reagent, Joseph was injured when his truck was struck from behind. The injuries Joseph sustained in the crash rendered him unable to perform his job. Consequently, according to its company policy, Reagent provided Joseph with six months of unpaid

medical leave.  During this time Joseph received worker's compensation benefits.[1]

In September of 2006 Joseph attempted to return to work but was removed from duty by a worker's compensation physician because the physician felt that Joseph's physical condition had not improved sufficiently to warrant a return to work.  In October of 2006 Joseph exhausted his leave.  Due to his impaired physical condition, Joseph could not perform his job as an interstate truck driver.  Moreover, Reagent had no positions available at its Port Arthur terminal that a still-injured Joseph could adequately perform.  Accordingly, on October 11, 2006, Reagent terminated Joseph's employment.[2]

After his termination Joseph filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that Reagent had discriminated against him.  The EEOC issued Joseph a dismissal and notice of right to sue on September 13, 2007.  Joseph filed this action against Reagent on December 13, 2007.[3]

In his Employment Discrimination Complaint, filed pro se, Joseph included no factual basis for the claim.[4]  Joseph's

---

[1]Defendant's Motion to Dismiss and Motion for Summary Judgment, Docket Entry No. 8, Exhibit 3, Declaration of Greg Huljack ¶¶ 5-6, 9.

[2]Id. ¶¶ 10-11.

[3]A copy of Joseph's charge has not been provided to the court.  However, Joseph attached a copy of his Dismissal and Notice of Rights from the EEOC.  See plaintiff's Original Complaint, Docket Entry No. 1.

[4]Id.

complaint stated that he had been "[t]reated differently in the same type of situation, from fellow employee which is clearly a violation [of the Fair Labor Standards Act]."[5]  But how this alleged disparate treatment resulted in violations of both Title VII and the Fair Labor Standards Act was not explained.

In an effort to understand Joseph's claims more fully, and to ascertain the factual basis underlying Joseph's discrimination claim, Reagent filed its Motion for a More Definite Statement under Rule 12(e) of the Federal Rules of Civil Procedure.[6]  Joseph filed his Answer to Motion for More Definite Statement wherein he seemed to advance not one, but three claims:  a claim for race discrimination under Title VII; a claim under the Fair Labor Standards Act ("FLSA"); and a claim under the Family and Medical Leave Act ("FMLA").[7]  However, Joseph provided no factual basis for any of these claims.  Instead, he made the following conclusory allegations:

> A. Employment Discrimination -- I was treated differently, than a former employee at Reagent Chemical Co, which is discrimination.  The name of the employee was Willie Salazar.  The paperwork has been submitted to the EEOC, & I have copies.
>
> B. Fair Labor Standard Act -- I have not received all compensation due to me thru Regent Chemical Insurance.

---

[5] See plaintiff's Original Complaint, Docket Entry No. 1.

[6] Defendant Reagent Chemical & Research's Motion for a More Definite Statement, Docket Entry No. 3.

[7] Hanton, Joseph, Jr. Answer to Motion for a More Definite Statement, Docket Entry No. 7.

      C.    Family Medical Leave Act -- I was unaware that I was on \ medical leave. It was not in my driver's handbook, and was never told that I was on medical leave.[8]

No facts were provided explaining how Reagent treated Joseph differently than Mr. Salazar, or how much Reagent Chemical Insurance still owed Joseph. Moreover, no facts were provided to clarify how Reagent had violated the FMLA.

Given the lack of any factual allegations against it, Reagent filed its Motion to Dismiss and Motion for Summary Judgment arguing that Reagent was entitled to judgment as a matter of law because Joseph could not produce sufficient evidence to prevail on his perfunctory claims.

## II.  Standard of Review

Reagent moved to dismiss Joseph's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, in support of its motion, Reagent submitted evidence that went outside the complaint. Therefore, because the court finds no reason to exclude this evidence, Reagent's Motion to Dismiss will be treated as a Motion for Summary Judgment, which is governed by Rule 56. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

---

[8] Plaintiff's Answer to Motion for a More Definite Statement, Docket Entry No. 7.

-4-

Summary judgment is proper under Rule 56(c) "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the movant, Reagent's burden "is to point out the absence of evidence supporting [Joseph's] case." Malacara v. Garber, 353 F.3d 393, 404 (5th Cir. 2003) (citing Celotex Corp. v. Catrett, 106 S. Ct. 2548 (1986)). Once Reagent has met its burden, Joseph, as the nonmovant, must "submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action." Id. This means that Joseph must present the evidence to the court in support of his claims; the court has no "'duty to sift through the record in search of evidence to support [Joseph's] opposition to summary judgment.'" Id. at 405 (quoting Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998)). The court reviews the record in the light most favorable to Joseph, and resolves all reasonable inferences in his favor. Samuel v. Holmes, 138 F.3d 173, 176 (5th Cir. 1998).

### III. Analysis

Reagent argues that it is entitled to summary judgment as to each of Joseph's claims because Joseph has failed to submit or identify any evidence that shows the existence of a genuine issue of material fact as to any of the elements of his three claims. The court agrees.

First, Joseph has not presented any evidence to support his Title VII claim. Title VII prohibits employers from discharging their employees on the basis of race. See 42 U.S.C. § 2000e-2(a)(1). To prove a claim of racial discrimination a plaintiff may submit either direct or circumstantial evidence of discrimination. Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 345 (5th Cir. 2007). "Where, as here, there is no evidence of direct discrimination, Title VII discrimination claims are analyzed under the framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)." Id. Under the McDonnell Douglas framework the plaintiff bears the initial burden of establishing a prima facie case of discriminatory discharge. Id. This requires plaintiff to establish that he or she "(1) is a member of a protected class, (2) was subjected to an adverse employment action, (3) was qualified for [his or] her position, and (4) was replaced by someone outside of the protected class." Id. If the plaintiff makes this showing a presumption of discrimination attaches to the employer's actions, and the burden then shifts to the employer to articulate "a legitimate, nondiscriminatory reason for the adverse employment action." Id. If the employer successfully articulates such reasons for its action the burden shifts back to the plaintiff, who must show that the employer's "proffered explanation is merely pretextual." Id. Plaintiff's failure to sustain his or her burden at either stage

will result in the grant of summary judgment for the employer. <u>See</u> <u>id.</u>

Although Joseph has alleged that Reagent discriminated against him on the basis of his race, neither Joseph's complaint nor the EEOC Dismissal and Notice of Rights, which is attached to the complaint, alleges or indicates that Joseph is a member of a protected class. Joseph has not established that he was, in his injured state, qualified for his position as an interstate truck driver at the time Reagent terminated his employment, or that he was replaced by someone not of his (as yet unknown) protected class. Moreover, even assuming he could make a <u>prima</u> <u>facie</u> case, there is nothing to suggest that he could present evidence that would rebut the legitimate and nondiscriminatory reasons Reagent has advanced for treating him and Mr. Salazar "differently."[9] Therefore, Reagent is entitled to summary judgment on this claim.

Second, Joseph has not presented any evidence indicating that Reagent violated the FLSA. The FLSA requires certain employers to abide by minimum wage and maximum hour restrictions. <u>See</u> 29 U.S.C. §§ 206-07.[10] However, Joseph has alleged only that Reagent

---

[9]<u>See</u> <u>id.</u> ¶¶ 14-16 (establishing that Mr. Salazar, like Joseph, was placed on worker's compensation leave and was not allowed to return to work for Reagent because a physician would not allow it, and because there were no suitable positions for Mr. Salazar at the Port Arthur terminal).

[10]The court notes that Reagent attempted to establish that it is wholly exempt from the FLSA. The FLSA's overtime requirements
(continued...)

Insurance failed to pay him the full amount of his worker's compensation. Joseph has submitted no evidence, and has made no allegations, indicating that Reagent failed to pay him either a minimum wage or overtime pay. Therefore, Joseph has no claim under the FLSA.

Third, Joseph is precluded as a matter of law from prevailing on any claim under the FMLA because he has no right of action under that act. The FMLA entitles all "eligible employees" with serious health conditions to a total of twelve workweeks of leave during any twelve-month period, 29 U.S.C. § 2612(a); and provides them with a right of action against employers that "interfere with, restrain, or deny" the enjoyment of such a right, 29 U.S.C. § 2615(a). However, an employee who is employed at a worksite where the "employer employs less than 50 employees if the total

---

[10](...continued)
do not apply to those employees over whom the Secretary of Transportation has power to establish qualifications and maximum hours of service. 29 U.S.C. § 213(b)(1). This exemption includes any employee (1) "employed by carriers whose transportation of passengers or property by motor vehicle is subject to [the Secretary of Transportation's] jurisdiction under section 204 of the Motor Carrier Act . . . and (2) engage[d] in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2(a). Motor carriers that operate in interstate commerce are subject to the Secretary's jurisdiction. See 49 U.S.C. § 13501. Reagent submitted evidence satisfying the exception's first element, see Defendant's Motion to Dismiss and Motion for Summary Judgment, Docket Entry No. 8, Exhibit 3, Huljack Decl. ¶¶ 3-4; but not the second. Therefore, the court cannot conclude that Reagent is exempt from the FLSA.

number of employees employed by that employer within 75 miles of that worksite is less than 50," is not an "eligible employee" within the meaning of the FMLA.  29 U.S.C. § 2611(2)(B)(ii).

Reagent has submitted evidence establishing that it has at all times relevant to this suit employed less than fifty employees at its Port Arthur terminal or within seventy-five miles of its terminal.[11]  Since Joseph has presented no evidence to the contrary, this evidence conclusively establishes that Joseph is not an "eligible employee" and therefore has no cause of action under the FMLA.

## IV.  Conclusion and Order

Based on the foregoing, Reagent's Motion to Dismiss and Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 19th day of March, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[11]Defendant's Motion to Dismiss and Motion for Summary Judgment, Docket Entry No. 8, Exhibit 3, Huljack Decl. ¶ 7.